**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM HOUGH, | No. 19-15792 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-04902-VC |
| v. | |
| SEIU LOCAL 521, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

William Hough appeals from the district court's summary judgment in his

42 U.S.C. § 1983 putative class action alleging a First Amendment claim arising

out of compulsory agency fees (also known as fair share fees) paid to SEIU Local

521. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Hough's request for oral
argument, set forth in the opening brief, is denied.

*Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019), *cert. denied*, No. 19-1130, 2021 WL 231555 (Jan. 25, 2021).  We affirm.

The district court properly granted summary judgment because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson*, 945 F.3d at 1097-99 ("[P]rivate parties may invoke an affirmative defense of good faith to retrospective monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**